CREW ET AL. *v.* THE PENNSYLVANIA RD. CO. ET AL.

*Pleading—Sham and untrue answer—Challenge to be by motion to strike before trial—Damages caused by sparks from locomotive—Answer denying allegations, sufficient against motion for judgment on pleadings—Only statements in pleadings considered on such motion, when— Evidence—Testimony of similar fires inadmissible, when— Competency of evidence for court and weight for jury— Special request to charge jury—Refusal not prejudicial where dependent upon finding not made by jury.*

1. Claim that answer is sham and untrue may be taken advantage of by motion to strike, and does not merit much consideration when raised after going to trial.
2. Answer denying each and every allegation of complaint for damages caused by sparks from defendant's engines *held* sufficient as against motion for judgment on pleadings.
3. In motion for judgment on the pleadings, only statements in pleadings can be considered.
4. Refusal to allow witness to answer questions as to sparks or fires from locomotives on nights other than night of fire causing damage to plaintiff's property *held* not error, where neither question nor profert as to what witness would testify was definite as to time.
5. Competency of evidence is for court, and weight of evidence is for jury.
6. Refusal of requested charge, depending on finding for plaintiff which jury did not make, *held* not prejudicial.

(Decided March 1, 1926.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Washington T. Porter* and *Mr. H. C. Bolsinger,* for plaintiffs in error.
*Messrs. Maxwell & Ramsey* and *Mr. Gregor B. Moormann,* for defendants in error.

BUCHWALTER, P. J. The plaintiffs in error, plaintiffs below, brought an action in the court of common pleas against the Pennsylvania Railroad Company for damages as the result of a fire on the premises of Sidney I. Crew, claimed to have been caused by sparks from one of the locomotives of the defendant company. The plaintiffs, other than Crew, were insurance companies which had paid certain portions of the loss and had been subrogated to any rights of Crew in the amount of the loss so paid by them.

The allegations of the petition set forth that on August 5, 1922, between the hours of 9 and 11:30 p. m., sparks from the engines of defendant company fell on the roof of a garage belonging to Crew, setting fire to same and causing the loss complained of.

The answer, after admitting that defendant company was lessee of the right of way in question and operated trains thereon, contained the following:

"Further answering, the defendant partially, for want of sufficient information and knowledge on which to base a belief, denies each and every allegation in said petition contained not hereinbefore specifically admitted to be true, and demands that strict proof of said allegations be required of the plaintiffs."

No motion was filed to this answer, and the cause proceeded to trial.

At the close of plaintiffs' evidence, plaintiffs made a motion for judgment on the pleadings. This was overruled, but the court, considering the motion as a motion to strike, suggested that the defendant strike from its answer the words, "partially for want of sufficient information and knowledge on which to base a belief," which was then done.

The jury returned a verdict for the defendant. A motion was then made by plaintiffs for judgment on the pleadings, notwithstanding the verdict, for the reason that the defendant's answer was insufficient to put in issue any of the allegations of the petition. This motion was overruled and judgment entered on the verdict, to which judgment error proceedings were instituted in this court.

One of the principal grounds of error relied upon is the ruling of the court on this motion for judgment.

The plaintiffs purposely did not make any motion to strike, but were prepared to endeavor to take advantage of the situation, in the event of an adverse verdict, by a motion notwithstanding the verdict. It is claimed by plaintiffs that they were entitled to know before going to trial what the defense would be. It is also contended that such an answer is a sham and untrue. If so, the plaintiffs could have taken advantage of it by motion to strike; hence such a contention, raised after going to trial, does not merit much consideration.

The form of the answer does not meet with our approval, but the only question for determination

here is: Did the answer put in issue the allegations of the petition? The answer does deny "each and every allegation in said petition contained, not hereinbefore specifically admitted to be true."

In a motion for judgment on the pleadings only the statements in the pleadings can be considered, and there was sufficient in this answer to warrant the overruling of plaintiffs' motion for judgment.

It is also contended that the court was in error in refusing to allow the witness Williams to answer certain questions as to sparks or fires from locomotives on nights other than the night of this fire. No profert was made showing what the answer of the witness would be, except when the witness was asked: "Within a reasonable time previous to August 5, 1922, have you ever seen the fires along the line of the railway?" Counsel then stated that if the witness were allowed to testify "he would show that he had put out fires along the line of the railway."

The question, as put to the witness, was not definite as to time. It allowed the witness to judge as to that. Nor does the profert furnish any definite answer in this respect.

The court, during the examination of this same witness, stated that there was no objection to proving that the engines passing through there upon other occasions emitted sparks. We do not find error in the ruling of the court as to this matter.

Objection was made and exception reserved by plaintiffs to the testimony of Messrs. Wallace and Davis, who were called as experts. We have examined the testimony given by them, and do not

find the court in error in the admission of this evidence.

Other errors are assigned, including the failure of the court to give certain special, written charges to the jury, as requested by the plaintiffs.

Charge No. 1, refused, only sets forth that certain evidence is competent. It is a matter for the court to pass on the competency; the jury is concerned with the weight thereof.

Charges 5 and 6 instructed the jury as to drawing certain conclusions as to the ultimate facts to be determined by them, and were not instructions as to law to be applied to certain findings of fact.

The failure to give charge No. 7 could not have been prejudicial, even if it was correct, as it was dependent on a finding for plaintiffs, which the jury did not do.

We do not find any error prejudicial to the plaintiffs in error. The judgment of the court of common pleas will therefore be affirmed.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur.