SCHULDT, APPELLEE, *v.* ASSOCIATES INVESTMENT CO., APPELLANT.

(Decided June 13, 1938.)

Mr. *James Nye,* for appellee.
Mr. *Ira R. Cole,* for appellant.

CARPENTER, J. This is an action for damages claimed to have resulted to the plaintiff from the malicious prosecution by the defendant company of a civil action against him in the Municipal Court of Toledo wherein

this defendant, appellant herein, took judgment by confession for $37.50 claimed to be the balance due it from this plaintiff, appellee herein, on a cognovit note, and, by a proceeding in aid of execution of that judgment, garnisheed the wages of plaintiff. On motion of plaintiff herein that judgment and the order in aid were suspended, and on the trial of the issues raised by his answer the finding and judgment were in his favor.

On the trial of this cause to a jury the plaintiff was awarded a verdict and judgment for $1,000, from which judgment the defendant filed this appeal on questions of law. Numerous errors are assigned, but only two questions presented by these assignments seem to this court to require comment.

The defendant appended to its answer herein four interrogatories to be answered by the plaintiff. To these plaintiff demurred and was sustained as to the first two but was overruled as to the last two, which, with the answers given by him, were as follows:

"3. In what manner has your character been damaged? My character has been damaged, in that, I have been for many years known in the city of Toledo, Ohio, as a man who pays his bills and carries out his obligations with a good credit standing in the city, so that I could borrow money and have the confidence of my employers as an upright honest citizen. By having my wages attached and being sued, I have lost that reputation for paying bills and lost my credit rating, so that my credit is no longer good, and my employer and others with whom I deal no longer look upon me as an honest upright man, and by reason of being sued and my wages having been attached, my employer and others believe that I do not pay my bills and therefore do not trust me.

"4. In what manner have you suffered damage to your reputation and credit? I have for many years been employed by the Kroger Grocery and Baking

Company in their warehouse, and by having my wages attached, it has come to the knowledge of my employer and to the knowledge of the credit union maintained by the employees of my employer and to others, including credit rating companies in the city of Toledo, Ohio, that I have been sued and my wages attached, so that, whereas, I had a first class credit rating prior to said suit and said attachment, my credit rating is not now good, and I am unable to procure loans or purchase on credit as I could prior to the suit and attachment, and my reputation is now that of a man who has to be sued in order that creditors may collect a bill from me."

On the trial, at the close of all the evidence, the plaintiff offered in evidence his answers to these interrogatories and over the objection of the defendant they were received. The plaintiff contends that these answers are made proper evidence by the last sentence of Section 11350, General Code, which is as follows:

"On the trial, such answers, so far as they contain competent testimony on the issue or issues made, may be used by either party."

The purpose of the statute authorizing a party to attach interrogatories to his pleading, to be answered by the opposing party, is primarily to aid a party in pleading and preparing his case. The opinion of the writer in regard to these statutes in their relation to pleading is expressed in *Ward* v. *Mutual Trucking Co.*, 22 Ohio Law Abs., 636. From that opinion it is manifest that, in my judgment, the demurrer to these two interrogatories should also have been sustained, but that was not done. The use of answers to interrogatories as evidence seems to be but incidental to the primary purpose—pleading. However, the statute expressly permits their use as evidence only in "so far as they contain competent testimony." Hence, in this case, we conceive the test to be: Would it have been competent for the plaintiff to have given as "testi-

mony" the statements in his answer to these two interrogatories?

The statements contained in these answers are either conclusions or self-serving declarations, or both, of the plaintiff, and had he given them as "testimony" on the trial, objection to them would have been promptly sustained and on motion such testimony would have been stricken from the record. That this was not done when they were tendered as an exhibit and received and permitted to be used in comment to the jury and taken by the jury into its deliberations was prejudicial error, and requires the reversal of this judgment.

Various errors are assigned as to the sufficiency and weight of the evidence, but this court is of the opinion that the evidence presented a jury question and that the finding of the jury on the issue of liability is not manifestly against the weight of the evidence. On this record as to damages, even keeping in mind the fact that the evidence may have warranted an allowance of exemplary damages, $1,000 is a very high award, but in view of the fact that the case must be tried again when the record on the subject may be different, the court does not deem it necessary or proper to make an order with reference to the amount of this verdict and judgment.

For the reasons stated the judgment is reversed and the cause is remanded to the trial court for further proceedings.

*Judgment reversed and cause remanded.*

LLOYD and OVERMYER, JJ., concur.