## EASTERDAY v EASTERDAY

Ohio Appeals, 2nd Dist, Clark Co

No 383. Decided Dec 29, 1938

Olinger & Olinger, Springfield, for plaintiff-appellant.

R. Stanley Lucas, Springfield, for defendant-appellee.

## OPINION

By THE COURT

The above entitled action is now being determined as a chancery proceeding by reason of plaintiff's appeal on questions of law and fact from the judgment of the Court of Common Pleas of Clark County, Ohio.

On application of the parties, Hugh Hagen was appointed Master Commissioner to

take the evidence and thereafter make separate report of his findings of fact and determination of law.

In conformity to the order of this court, the master has supervised the taking of evidence presented by the respective parties, and duly filed his report.

Counsel for plaintiff filed objections to the report and asks that the same be set aside.

Counsel for defendant asks that the report be approved and judgment entered thereon.

The following short statement of facts will render understandable the nature of the controversy.

The present action is one for partition of an alleged joint running stock account in the Merchants & Mechanics Savings & Loan Association of Springfield, Ohio, which account is alleged to stand in the name of Georgia Easterday and Orville R. Easterday, the defendant, formerly husband and wife.

The answer raises the issue of res adjudicata, averring in substance that in a prior action for divorce and alimony the entire corpus of the joint running stock account was awarded to the defendant.

The present action is one of the series starting with the original divorce action.

Following the granting of a divorce to the plaintiff, and including in the judgment the awarding of alimony and division of property, the controversy over the joint running stock account in the Merchants & Mechanics Savings & Loan Association has been in our court no less than three times, and in one instance an attempt was made to have it certified to the Supreme Court. Originally the joint running stock account was in the names of both plaintiff and defendant, as were other securities, personal property and real estate.

The trial court, in awarding alimony, gave to the wife plaintiff's interest in their residence property, jointly owned; also gave to her the automobile, jointly owned; all the household furniture and certain securities, jointly owned. The entry further provided that the wife should be divested of all interest in the above referred to joint running stock account, and the same vested in the defendant as and for his sole property.

On error proceedings prosecuted in our court. it was determined on the authority of **DeWitt v DeWitt, 67 Oh St 340**, that the trial court had no jurisdiction to award defendant any interest in plaintiff's property (since the divorce was granted to her) except where the court could properly ju-

dicially determine that the husband had little or no property, and the wife did have substantial holdings.

The court had made no such finding as a predicate for his awarding plaintiff's interest in the joint running stock account to defendant.

The judgment was reversed, and remanded for further proceedings according to law.

Thereafter the trial court coming on to further consider the cause on the original record and the mandate from the Court of Appeals, made an order and caused the same to be journalized, part of which reads as follows:

"This court does judicially determine and make this supplemental order and entry in addition to the orders and entries heretofore made in this cause, that Orville R. Easterday. the defendant herein, on the 21st day of July, 1934, and on the 1st day of August, 1934, was the owner of little or no property, and that Georgia Easterday, the plaintiff herein, and the former wife of the defendant herein, was on the 21st day of July, 1934, and on the 1st day of August, 1934, the owner of lands and personal estate."

The trial court did not go farther, and again enter judgment as in the original order at the time the divorce was granted. The above-quoted language clearly indicates that the court was making the same as a supplemental order and by reference adopting the original order as previously made.

Following this action of the trial court, counsel carried the cause to the Court of Appeals, and upon hearing the judgment of the Common Pleas Court was affirmed.

Thereafter motion was made to certify to the Supreme Court, but was denied.

At the present time counsel for plaintiff makes the claim that the supplemental order of the trial court above referred to, was not a judgment and for that reason does not divest plaintiff of her interest in the joint. running stock account, which is now sought to be partitioned. It is apparent that counsel was not at all times of that opinion, since he prosecuted error to such as a final order. If the same was not a judgment or final order, error could not be prosecuted.

It is unfortunate that the trial court or counsel drafting the entry did not go farther in the supplemental order and include the substantive portion of the original judgment sought to be supplemented. However, we are to deal with the order as it exists and not what might have been. This

raises the direct question as to whether or not this supplemental order made by reference, includes the original order. It is urged that the original judgment as it related to this joint running stock account was set aside by the Court of Appeals, and, of course, the entry so shows, but the entry from this court likewise specifically finds that the infirmity in the trial court's judgment was the failure to find that the husband was the owner of little or no property and that the wife was the owner of lands or personal estate, or both, etc.

The supplemental order cures the defect, and if the law will permit by reference the inclusion of the prior order, all objections are removed.

If the supplemental order may not by reference make a part thereof the language of the original order, then the last order would merely constitute a fact finding entry. Under this theory the court could thereafter enter judgment on the facts so found.

Since the original judgment was journalized and while reversed by our court for specific reasons, and the specific infirmities being cured by the supplemental order, it is our conclusion that such supplemental order draws to it the language of the original judgment, and taken together becomes complete. Needless to say we would not recommend this procedure be adopted as standard, but we think it is the means of working out substantial justice as suggested under §11364 GC.

We have examined with care the report of the Master Commissioner and adopt his reasoning and conclusions.

Plaintiff's motion to set aside the master's report will be overruled, and defendant's motion to approve the report will be sustained.

Following the report of the commissioner, we determine that the defense of res adjudicata is well made.

The judgment of the trial court will be affirmed. Costs will be adjudged against the appellant.

BARNES, PJ, and HORNBECK, J, concur. GEIGER, J, not participating.