By the Court.
 

 We are in accord with the Court of Appeals in its conclusion that the overruling of a motion for judgment on the pleadings is not a final order upon which an appeal may be predicated.
 

 Counsel for appellant rely upon Section 11601, General Code, which permits judgment to be rendered when upon statements in the pleadings one party is entitled by law to judgment in his favor.
 

 A motion for judgment on the pleadings is in the nature of a general demurrer and presents only questions of law. 31 Ohio Jurisprudence, 877, Section 286;
 
 State, ex rel. Dunphy,
 
 v.
 
 Graham, Judge,
 
 146 Ohio St., 547, 66 N. E. (2d), 321. Appeal may not be taken from the overruling of a demurrer or a motion for judgment on the pleadings unless the pleader stands on the demurrer or such motion and permits judgment to be entered against him.
 

 The motion for judgment _ on the pleadings in the
 
 *29
 
 present case expressly reserved in plaintiff the right to go to the jury in the event that motion was overruled.
 

 Section 12223-2, General Code, reads:
 

 “An order affecting a substantial right in an action, when in effect it determines 'the action and prevents a judgment, * * * is a final order which may be reviewed, affirmed, modified, or reversed * *
 

 The entry of the Court of Common Pleas in the present controversy was not a final order which determined the action, the Court of Appeals did not err in dismissing the appeal and, therefore, the judgment of that court is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.