**HOME OWNERS' SERVICE CORP., Plaintiff-Appellant, v. HADLEY, et al., Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4134. Decided January 25, 1949.

Marion A. Ross, Columbus, for plaintiff-appellant.
George H. Chamblin, Columbus, for defendants-appellees.

## OPINION

**By THE COURT.**

This is an appeal on questions of law from the order of the Common Pleas Court of Franklin County sustaining the motion

of defendants-appellees for judgment on the pleadings. The action was instituted to recover a real estate brokerage commission.

Plaintiff's second amended petition consists of three causes of action. In the first cause of action plaintiff alleges that the defendants executed an exclusive sales contract whereby plaintiff was authorized to list for sale and sell the real estate owned by defendants for $28,000.00; that said listing continued until withdrawn by a thirty day notice to the plaintiff; that the listing contract provided that if plaintiff originated or was instrumental in securing a purchaser for said property, the defendants agreed to pay the plaintiff a commission. Plaintiff alleges 'that it obtained a purchaser at $28,000.00 but that defendants refused to accept or complete the purchase. In the second cause of action plaintiff incorporates all the allegations contained in the first cause of action, and further alleges that while the listing contract was in force, the defendants sold said property to one, Rose M. Williams; that the sale to Rose M. Williams originated and started and the terms of sale were agreed upon during the period of time that the listing contract was in force. In the third cause of action plaintiff incorporates all the allegations in its first and second causes of action, and further alleges that plaintiff was instrumental in securing or originating a purchaser for the property and that the defendant sold said property to said purchaser. Plaintiff alleges that the defendants refused to pay the commission due under the listing contract.

The defendants in their answer "deny each and every allegation contained" in the second amended petition. Further answering, the defendants deny that the plaintiff was given an exclusive listing contract of the character alleged; deny that the sale was made to Rose M. Williams during the time the listing contract was in effect; deny that plaintiff originated or started the sale to Rose M. Williams; deny that plaintiff was instrumental in securing or originating the purchaser. Further answering, the defendants allege that one of the defendants did execute an exclusive listing contract whereby they gave authority to the plaintiff to sell said real estate for a period of ninety days or until the authority was withdrawn by a thirty day written notice; that the ninety day listing period expired on November 11, 1945, and that at no time prior to November 11, 1945, did plaintiff present an offer to purchase said property for the list price of $28,000.00.

The plaintiff filed a reply which was in the nature of a general denial of all allegations in the answer not expressly admitted or alleged in the second amended petition.

To the answer the defendants attached seven interrogatories which were answered by the President of the plaintiff company. The answer to Interrogatory No. 1 properly identified the listing contract attached to the answer as an exhibit. The answer to Interrogatory No. 5 was to the effect that plaintiff is unable to state whether or not any of the officers or agents of the plaintiff had any conference with Rose M. Williams prior to November 11, 1945. In answer to Interrogatory No. 6 it is stated that plaintiff was instrumental in securing and originating the purchaser for the property in question by its advertising, placing its "For Sale" sign upon the property, soliciting of prospects, and securing at least three written offers from bona fide purchasers. In answer to Interrogatory No. 7, plaintiff stated that no written offer to purchase the property at the list price of $28,000.00 was submitted to the defendants prior to November 11, 1945. It is obvious that the pleadings make up several issues of fact.

In **Meyer v. Daniel, 147 Oh St 27**, it is held that,

"A motion for a judgment on the pleadings is in the nature of a general demurrer and presents only questions of law."

If the pleadings present an issuable fact which would require the introduction of testimony by the moving party to maintain such issue, a motion for a judgment on the pleadings should be overruled. **Vol. 31, O. Jur. pp. 878, 879.** In the instant case, the answer denies almost every material allegation in the second amended petition, and the reply denies new matter in the answer and, therefore, a motion for a judgment on the pleadings should have been overruled.

But it is claimed that the answers to the interrogatories may be considered by the Court in passing on a motion for a judgment on the pleadings and that the answers to the interrogatories submitted do not support the allegations of the second amended petition and on the basis of such answers the plaintiff was not the procuring cause of the sale and, therefore, cannot recover.

In passing on a motion for a judgment on the pleadings, only statements in the pleadings can be considered. **McCoy v. Jones, 61 Oh St 119, 129, 55 N. E. 219; Challen v. Cincinnati, 40 Oh St 113; Crew v. Penna. Rd. Co., 21 Oh Ap 143, 153** N. E. 95.

Are the interrogatories and answers thereto a part of the pleadings? **Sec. 11348 GC,** provides:

"A party may annex to his pleading, other than a demurrer, interrogatories, pertinent to the issue made in the pleadings," etc.

In **Wild v. Cadwalder, 18 O. D. 565,** it was held that the answers to interrogatories should be filed as a separate paper but may also be attached to a pleading. In **Ward v. Mutual Trucking Co., 1 O. O. 456,** Judge Carpenter, now Judge of the Court of Appeals of the Sixth District, while serving as Judge of the Common Pleas Court of Huron County, held that,

"The right of a party to annex interrogatories to his pleading to be answered by his adversary as provided for in §11348 GC, is intended only to aid the pleader in supporting his own case and not to help him to destroy his opponent's cause."

Later, Judge Carpenter as a member of the Court of Appeals of the Sixth District, In **Schuldt v. Associates Investment Co., 61 Oh Ap 213** held that,

"The primary purpose of interrogatories appended to a pleading and required to be answered by an opposite party (§§11348, 11349 and 11350 GC) is to enable the interrogating party to properly plead his cause or defense."

**Sec. 11350 GC,** in part provides.

"On the trial, such answers, so far as they contain competent testimony on the issue or issues made, may be used by either party."

In the case of Schuldt v. Associates Investment Co., supra, it was held that:

"Answers to interrogatories may be received in evidence only in so far as they are competent evidence and could be the subject of testimony by a party (§11350 GC).
When such answers are conclusions or self-serving declarations, the answering party cannot offer them in evidence."

**Sec. 11601 GC,** in part provides.

"When, **upon the statements in the pleadings** or upon the evidence received upon the trial, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the Court," etc.

In view of the controlling statutory provisions and the judicial pronouncements on the subject, we are of the opinion that answers to interrogatories do not constitute any part of the pleadings and may not be considered by the Court in passing on a motion for judgment on the pleadings. The submission of interrogatories by the defendants was for the purpose of aiding the defendants in supporting their own case rather than to destroy the plaintiff's case. Answers to interrogatories may be considered in certain instances as evidence but become no part of the pleadings. The plaintiff was entitled to go to trial on the issues of fact made by the pleadings.

The trial court in overruling the plaintiff's motion for a new trial took into consideration evidence in the form of a deposition of Rose M. Williams, the purchaser of said property. In passing on a motion for a new trial on a motion for judgment on the pleadings the Court is not permitted to consider evidence in any form. To do so would not necessarily constitute reversible error if the prevailing party was otherwise entitled to judgment on the pleadings. In the case at bar, in our opinion, the defendants were not entitled to a judgment on the pleadings. For this reason, the consideration of the answers to interrogatories and the deposition in passing on the motion for a judgment on the pleadings constitutes reversible error.

Finding error in the record prejudicial to the plaintiff, the judgment is reversed and the cause is remanded to the trial court for further proceedings according to law.

WISEMAN, PJ, and MILLER, J, concur.
HORNBECK, J, concurs in judgment.

## ON APPLICATION FOR REHEARING

No. 4134.   Decided February 17, 1949.

By THE COURT.

Submitted on application for rehearing on the ground that the court may consider interrogatories and answers thereto on passing on a motion for judgment on the pleadings.

We adhere to our former ruling and hold that in the absence of a statutory provision, interrogatories and answers thereto form no part of the pleadings. It is interesting to note that under Federal Rules applicable to the United States District

Courts, it has been held that interrogatories are not a part of the pleadings. Bowles v. Safeway Stores, Inc. (D. C. MO.) 4 F. R. D. 469, it was held:

"Interrogatories are evidentiary in character and are not considered as a 'pleading' in the case, and until they are offered in evidence by either party they will not be considered by the court."

In Vol. 27 C. J. S. Section 62, on page 92, the author states that the answer to interrogatories is not a pleading. See, also, Vol. 17 Am. Jur. Sec. 47, page 33.

Application for rehearing denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.