**RAIBLE, Plaintiff-Appellant, v. RAYDEL et al, Defendant-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22523.   Decided October 1, 1952.

588

William J. Kraus, Cleveland, for plaintiff-appellant.

Corrigan, McMahon & Corrigan, Cleveland, for defendant-appellee.

## OPINION

Per CURIAM:

An appeal on questions of law having been taken to this Court by plaintiff appellant from a judgment and order of the Common Pleas Court of Cuyahoga County, entered on March 5, 1952, there has now been filed in this Court by defendants-appellees a motion to affirm the judgment and order of that Court. We address ourselves here to the last mentioned motion.

The judgment and order of the trial court complained of is not a final disposition of the case on the merits but a ruling of the trial court upon a motion by the defendants for a restraining order filed on January 7 1952, in a suit in equity still pending in the trial court. In that action, C. Greif Raible, plaintiff-appellant here was plaintiff and Alice E. Raydel et al, defendants-appellees herein were defendants. The original petition in the trial court was to set aside a settlement agreement allegedly based on fraud, deceit, duress, misrepresentation, lack of jurisdiction, mutual mistake of law and fact and want of consideration, and for recovery of money, accounting and equitable relief, in which a temporary restraining order was likewise sought.

In addition to the principal defendant, Alice E. Raydel, other defendants named in the petition included Charles Griffith Raydel, a minor, described as approximately four and one-half years of age, The Central National Bank acting as trustee under a trust agreement and six other defendants.

The notice of appeal to this court states the appeal is on

questions of law from "a judgment and/or final order rendered by the court of common pleas, in the above entitled cause, on March 5, 1952, wherein said court granted the applications" of various defendants to restrain the taking of their depositions by the plaintiff. The order is contained in the transcript before us and constitutes the ruling of the trial court on the motion of defendants to stay the taking of depositions. This motion is also a part of the transcript. A brief is attached to the motion but no affidavit.

The notice of appeal was filed on March 21, 1952. No bill of exceptions has been filed in this Court by plaintiff-appellant, but he has filed five assignments of error. These five assignments of error are as follows:

"1. That the court erred in granting the motion of defendants-appellees to restrain the taking of depositions of the defendants-appellees or any other witnesses in this cause by the plaintiff-appellant.

"2. That the court erred in ordering that the defendants-appellees' depositions be restrained until the deposition of the plaintiff-appellant shall have first been taken.

"3. That the judgment and order of the court in granting the motion of the defendants-appellees was contrary to the evidence.

"4. That the judgment and order of the court in granting the motion of defendants-appellees was contrary to law.

"5. For other errors apparent on the face of the record."

The motion of the defendants-appellees to affirm the judgment and order of the trial court of March 5, 1952, is for the reason that there is no bill of exceptions and that a bill of exceptions is essential to present to this court the alleged errors complained of by plaintiff-appellant.

It appears that a bill of exceptions was actually filed in the trial court more than forty days after March 5, 1952, the date of the judgment and order complained of, but this bill of exceptions, on motion of defendants, was stricken by the trial court as filed too late in that court under the provisions of §11564 GC. There is consequently no bill of exceptions before us.

In view of the motion of the defendants-appellees to affirm the judgment and order of the trial court of March 5, 1952, we are called upon to determine whether under §11564 GC a bill of exceptions is required in connection with the present appeal on questions of law, in order to demonstrate the errors of the trial court complained of, or whether such alleged errors can be sufficiently disclosed by the pleadings or the transcript of the docket and journal entries. **Cary v. Wilsey, 71 Oh Ap 122.**

As we examine the five assignments of error, we find that the errors of the trial court complained of are insufficiently shown by examination of the transcript and pleadings alone and that a bill of exceptions is necessary to reveal the basis for action by the trial court. We note that the original action in the trial court was one in equity, that a minor of tender years is one of the parties defendant, and that no guardian ad litem had been appointed for the minor defendant at the time of the application by plaintiff to take the depositions of various defendants. The transcript further shows that the journal entry of March 5, 1952 constituted a ruling on the motion of defendant, Alice E. Raydel, and others, to restrain the plaintiff from taking depositions only "until the further order of the court." Since no affidavit is attached to the motion, in the absence of stipulation or other explanation revealed by the transcript, it is apparent that the motion was heard on the basis of testimony offered in the trial court. The court order of March 5, 1952, further bears out this conclusion, for it refers to a court hearing of February 29, 1952, and the third paragraph of the order reveals that the court reached its decision on the basis of the motion **and evidence,** and findings of the court. In the absence of a bill of exceptions, the evidence considered by the trial court is not before us, and we must, therefore, indulge all presumptions in favor of the trial court. **Barrett v. W. S. Golf Co., 11 Abs 323.**

It is perhaps enough to suggest, as possible explanation of the trial court's action, that although a chancellor has broad discretion he will ordinarily give no relief to a complainant coming into his court with unclean hands. The present order appealed from recited sufficient reasons, in view of the absence of the plaintiff from the jurisdiction, to restrain him "until further order of court" from taking depositions of the defendants when he, himself, was outside the continental limits of the United States and therefore beyond the reach of the chancellor, with his return date unbeknown to his counsel. It is a fundamental principle that he who would invoke the aid of equity must himself do equity. In the absence of a bill of exceptions we cannot assume that this was the motivating spirit of plaintiff, or that the trial court was not cognizant of its duties, particularly where the face of the record indicates that protection of a minor defendant may well have been a prima consideration of the trial judge.

The motion to affirm the judgment and order of the trial court is granted. Exceptions noted.

SKEEL, PJ, HURD, J, THOMPSON, J, concur.