MILLER ET AL., APPELLANTS, *v.* COHEN ET AL., APPELLEES.

[Cite as Miller v. Cohen, 3 Ohio App. 2d 71.]

(No. 5947—Decided July 21, 1965.)

*Mr. William K. Fenton* and *Mr. Steven Markowski*, for appellants.

*Messrs. Marshall, Melhorn, Block & Belt, Messrs. Spengler, Nathanson, Heyman, McCarthy & Durfee, Mr. John Schuchman* and *Mr. Bernard Wolson*, for appellees.

SMITH, J.   This is an appeal on questions of law from a judgment of the Common Pleas Court granting the motion of the defendants Norman Cohen and I. R. Miller, appellees herein, for a summary judgment dismissing the amended petition and supplementary petition.

An amended petition was filed on September 20, 1962.   On the same day plaintiff filed a motion for appointment of a guardian *ad litem* for the minor defendant, Richard Cohen, and the record shows no appointment pursuant to that motion.   On June 17, 1963, a supplementary petition was filed.   On March 17, 1964, a demurrer of defendant I. R. Miller to the supplementary petition was overruled by Judge McCrystal.   On April 6, 1964, the defendants Cohen and Philip Miller filed answers, and on April 7, 1964, answers were filed by the defendants Wilson, Scott, Herwat and Warren.   On April 8, 1964, an answer was filed by the defendant I. R. Miller, and on April 13, 1964, defendant Philip Miller filed an amended answer.

Thereafter on July 21, 1964, plaintiffs filed motions to strike from the answers of the defendants I. R. Miller, Wilson, Scott, Herwat, Warren and Cohen, and to strike from the amended answer of the defendant Philip Miller.   Briefs were filed in support of the motions to strike, and the record shows that no action was taken by the court or rulings made on such motions.   Notwithstanding the pendency of such motions for consideration by the court, which the record shows have never been passed on by the court, defendants Norman Cohen and I. R. Miller, on September 23, 1964, filed a motion for summary judgment to dismiss the amended petition and supplementary petition on the following grounds:

"1. The alleged cause of action set forth in the amended

petition and supplementary petition is the same cause of action set forth by plaintiffs against defendants Norman Cohen and I. R. Miller in action No. 188301 in the Court of Common Pleas of Lucas County entitled *Norman Cohen and I. R. Miller as Trustees* v. *Irving Miller and Sarah Miller et al.* and also in Bankruptcy Proceeding No. 27834 in the United States District Court for the Northern District of Ohio, Western Division, entitled *In the Matter of Sunningdale Country Club, Inc., Bankrupt,* and the judgments in said actions adverse to plaintiffs are *res judicata* in the present action.

"2. Neither the supplementary petition or the amended petition states facts which show a cause of action against defendants Norman Cohen or I. R. Miller."

On February 8, 1965, the court granted the motion for summary judgment, and the journal entry reads as follows:

"Upon consideration of the briefs submitted by the parties, the court finds that the motion for summary judgment is well taken and should be granted, for the following reasons:

"1. The facts alleged in the cause of action pleaded in the petition, amended petition and supplementary petition are res judicata.

"2. The facts stated and the allegations made in the petition, amended petition and supplementtary petition do not constitute a cause of action.

"It is therefore ordered that the petition, amended petition, and supplementary petition be, and they hereby are, dismissed with prejudice at plaintiffs' cost."

The plaintiffs, appellants herein, filed three assignments of error which in their subject matter constitute a single assignment of error that the trial court erred in granting the motion for summary judgment as being illegal and contrary to law and depriving plaintiffs of due process of law and their right to a trial of a genuine issue of material fact by a jury. The plaintiffs filed no bill of exceptions.

The amended petition and supplementary petition seek compensatory and punitive damages for fraud, conspiracy and breach of confidential and fiduciary relationship between plaintiffs and defendants. The answer of defendant Cohen admits certain allegations of the amended and supplementary petition, denies others, and, for want of information or knowledge suf-

ficient to form a belief as to the truth of other allegations, denies the same and, further, alleges that the amended petition and supplementary petition do not state facts that show a cause of action; and that in another action in the Common Pleas Court of Lucas County, and bankruptcy proceedings in the United States District Court for the Northern District of Ohio, Western Division, determinations of facts were made adverse to plaintiffs and are binding upon the plaintiffs in this action as *res judicata.* Like answers were filed by defendants Philip Miller, Wilson, Scott, Herwat, Warren and I. R. Miller.

The question before the court on this review is whether the procedure in the Common Pleas Court is such as to warrant award of a summary judgment in favor of the defendants Cohen and I. R. Miller.

While this court may indulge in a presumption without a bill of exceptions that a state of facts upon evidence was before the trial court to support its judgment, such presumption cannot be indulged where the existence of evidentiary facts as being presented to the court is negatived by findings incorporated in the journal entry. *Rukavina* v. *New York Central Rd. Co.*, 1 Ohio App. 2d 48, 52. The journal entry on the summary judgment in the case at bar by its express language shows that the court in making its decision considered only the briefs submitted by the parties and the pleadings. The case of *Smith* v. *Diamond Milk Products, Inc.*, 176 Ohio St. 143, where the court granted summary judgment for the defendant upon the pleadings, affidavit and deposition, has, therefore, no application. There it was held that the reviewing court cannot be certain that it has before it evidentiary matter which the trial court had before it in considering and reaching a decision, without a bill of exceptions. The findings in the journal entry of the case before us demonstrate that the trial court considered and predicated its judgment granting the motion solely on the allegations in the amended petition and supplementary petition, answers and briefs of counsel.

We therefore look to the pleadings and transcript of the docket and journal entries filed in this court to determine whether the trial court erred in granting the motion for summary judgment. *Raible* v. *Raydel*, 63 Ohio Law Abs. 587. The motion of the defendants Cohen and I. R. Miller to dismiss the

appeal or affirm the trial court on the ground that plaintiffs had failed to file a bill of exceptions and that the assignments of error are not disclosed by the transcript of the docket and journal entries and the original papers in this court is not well taken and is, therefore, overruled.

In this case we are, therefore, squarely presented the question upon the record in the absence of a bill of exceptions whether a motion for summary judgment can properly be employed as a means of testing the sufficiency of the allegations of the amended and supplementary petition as a substitute for a demurrer or motion for judgment on the pleadings. It may be noted that the findings in the entry on the motion for summary judgment are inconsistent wherein it is found that the allegations of the amended petition and the supplementary petition do not constitute a cause of action and, also, that the allegations therein are *res judicata*. If the trial court has determined that no cause of action was stated in the amended petition and supplementary petition, then it certainly has no basis upon which to determine the applicability of the doctrine of *res judicata* raised as an issue of fact in the answers on new matter. See *Aetna Life Ins. Co.* v. *Board of Commrs. of Hamilton County, Kan.*, 117 F. 82; *Russel* v. *Place*, 94 U. S. 606.

Since the recent enactment of Section 2311.041, Revised Code, it has been adjudicated in Ohio that if the allegations of a petition show that a cause of action has not been stated in the petition or in the pleadings, the proper procedure to bring this to the court's attention is by demurrer or motion for judgment on the pleadings which demurrer or motion cannot be a substitute for or be supplanted by a motion for summary judgment. *Bowlds* v. *Smith*, 114 Ohio App. 21; *Burgard* v. *Eff*, 1 Ohio App. 2d 483. A motion to dismiss an amended petition and a supplementary petition on the ground of insufficiency as not stating facts to constitute a cause of action, like a motion for judgment on the pleadings, is similar to a general demurrer, and the sustaining or overruling of such motion cannot be considered final unless the pleader adversely affected elects to stand on such ruling and determines not to plead further. *Meyer* v. *Daniel*, 147 Ohio St. 27; *Home Owners' Service Corp.* v. *Hadley*, 86 Ohio App. 340; 41 American Jurisprudence 521, Section 336. The judgment entry in the case at bar deprived the plaintiffs of their

right and opportunity to amend the petition, and we think the Supreme Court in *State, ex rel. Hartung, Dir. of Health,* v. *City of Springfield,* 133 Ohio St. 162, has indicated the proper order of the court upon overruling a demurrer to a pleading as stating:

"The demurrer to the amended answer of respondents is sustained and, respondents not desiring to plead further, a peremptory writ is allowed."

*State, ex rel. Walters,* v. *City of Bellevue,* 113 Ohio App. 455, 460.

The further question is raised in this case as to whether the filing of the motion for summary judgment is authorized by the provision of Section 2311.041, Revised Code, wherein it is provided that such motion may be filed "at any time after the action is at issue." While it may be considered that the court in its judgment on the motion for summary judgment thereby disposed of the pending motions of plaintiffs to strike from the answers, the plaintiffs should not be deprived of their statutory right and opportunity to reply to new matter and affirmative defenses set out by answers in such a summary proceeding. Otherwise the court by its own action, without an opportunity given to file a reply, is compelling the plaintiffs to admit as true the allegations in the answers of the affirmative defense of *res judicata.* Such procedure does not constitute a waiver by plaintiffs, and certainly not to be waived by the court, of their opportunity and right to a denial by reply and to thereby establish an issue of fact joined on the pleadings as provided by Section 2311.03, Revised Code. Until such time, the action cannot be said to be at issue as provided by the statute and the motion for summary judgment, not filed as provided by Section 2311.041, Revised Code, is therefore premature.

Having reached these conclusions, we need not, and do not, comment further on the facts that the summary judgment was entered without a guardian *ad litem* having been appointed for the minor defendant, that the court arrived at a different conclusion therein as to the cause of action against I. R. Miller than was reached by Judge McCrystal on the demurrer filed to the supplementary petition, and that the summary judgment purports to dismiss "the petition, amended petition and supple-

mentary petition'' as to all defendants notwithstanding that the motion for summary judgment was filed as to less than all of the defendants.

The judgment of the Common Pleas Court granting the motion of defendants Cohen and I. R. Miller for summary judgment is reversed, and the cause is remanded to that court for further proceedings according to law.

*Judgment reversed.*

BROWN and GUERNSEY, JJ., concur.

GUERNSEY, J., of the Third Appellate District, sitting by designation in the Sixth Appellate District.

BROWN, J., concurring. All the reasons stated in the foregoing opinion for reversing the summary judgment are sound in my estimation.

In addition, the summary judgment granted on the motion of defendants, Norman Cohen and I. R. Miller, should be reversed and set aside because their motion for summary judgment, as well as their answers and the answers or amended answer of other defendants, asserting the defense of *res judicata*, allege only that two other specific legal proceedings involve ''judgments in said actions adverse to the plaintiffs'' or that the same issues were determined in prior proceedings, without alleging what specific issues were determined. Certainly, averment of the specific issues was important, for example, where a bankruptcy case involving a bankrupt corporation is asserted as *res judicata* in a wilful tort case between individuals who were not parties of record in the corporate bankruptcy case.

Nowhere in the pleadings of any of the defendants is there any averment as to what issues and subject matter were involved in the other legal actions or proceedings, or that these were sustained by the same evidence, or involved the same claim, demand or cause of action, or that the judgments therein were final judgments. Defendants never pleaded the judgment or judgments which were rendered in the other two legal actions.

A judgment in another action, to constitute the defense of *res judicata*, requires the defendants to allege the prior judgments and to further allege what the issues were in the prior

cases, so that the court can see whether the plea is available, *Redman* v. *North River Ins. Co.*, 128 Ohio St. 615; and a former adjudication to be used as a defense is itself an ultimate fact which should and must be pleaded. *Norwood* v. *McDonald*, 142 Ohio St. 299, paragraph seven of the syllabus; 32 Ohio Jurisprudence 2d 122, Section 367. The prior judgment or judgments must, by pleading, be alleged to be final judgments which have not been superseded, reversed or appealed. *Petersine* v. *Thomas* 28 Ohio 596; *Easterday* v. *Easterday,* 28 Ohio Law Abs. 312; 32 Ohio Jurisprudence 2d 40, Section 290, Finality of Judgments. The prior judgment must involve the same claim, demand or cause of action and there must be identity of the subject matter. *City of Lakewood* v. *Rees,* 132 Ohio St. 399; *Trout* v. *Marvin,* 62 Ohio St. 132; *Suburban Home Mortgage Co.* v. *Hopwood,* 83 Ohio App. 115; 32 Ohio Jurisprudence 2d 54, Section 304. An adjudication affects no claim which the parties had no opportunity to litigate. *State, ex rel.,* v. *Eagle Ins. Co.*, 50 Ohio St. 252; 32 Ohio Jurisprudence 2d 65, Section 310.

Lastly, where the facts claimed to afford a defense to prior actions or legal proceedings are also sufficient to constitute a cause of action by way of a setoff, counterclaim or cross-action under the statutes, it is not necessary for the claimants to assert their claim by way of cross-petition, but they may institute and maintain a separate, new and independent legal action for such cause of action. *Witte* v. *Lockwood,* 39 Ohio St. 141; *Swensen v. Cresop,* 28 Ohio St. 668; Section 2323.40, Revised Code; 32 Ohio Jurisprudence 2d 72, 73, Section 317. Therefore, plaintiffs in the instant case were not required to assert by cross-petition their wilfull tort claim in the prior mortgage foreclosure case or corporate bankruptcy case.

All of the foregoing reasons for reversing the summary judgment because of the fatally defective pleadings of the defendants and other legal grounds can be determined from an examination of the pleadings and transcript of the docket and journal entries, without any need for a bill of exceptions. *Tenesy* v. *City of Cleveland,* 133 Ohio St. 251. *Smith* v. *Diamond Milk Products, Inc.,* 176 Ohio St. 143, is distinguishable.