**ESTATE OF WAUGH**

v.

**SHEPHERD.**

Court of Common Pleas of Ohio,
Clermont County.

No. 94–CV–0459.

Decided May 25, 1994.

*J. Robert True,* for plaintiff.

*W. Michael Kaiser,* for defendant.

ROBERT P. RINGLAND, Judge.

This matter came before the court for oral argument on April 12, 1995, pursuant to defendant's motion for judgment on the pleadings. Upon review of the pleadings and memoranda submitted by the parties, the court hereby renders a decision as follows.

On June 8, 1993, Essie Waugh and defendant Delores Eleanor Shepherd entered into an agreement whereby defendant agreed to take care of Waugh for the rest of Waugh's life in exchange for Waugh's conveying her Franklin Township premises to defendant. On the same date, Waugh conveyed the property to defendant, retaining a life estate for herself.

Defendant moved into Waugh's residence on May 15, 1993, and then moved her four children into the residence around June 1, 1993. Defendant provided care for Waugh until defendant vacated the premises on January 6, 1994. Essie Waugh died on October 16, 1994. Based upon the fact that defendant did not provide services for the remainder of Waugh's life as agreed, the executor of Waugh's estate seeks to have Waugh's conveyance to Shepherd set aside and also seeks damages in his amended complaint based upon the alleged breach of contract.

Defendant moves for judgment on the pleadings, asserting that one does not have the right to rescind a conveyance for failure of consideration unless fraud is involved or the failure of consideration is expressly made a ground for forfeiture. Plaintiff Estate of Waugh claims that the law in this area is not well settled and that broad principles of equity should apply to require forfeiture of the deed in question.

 In ruling upon a motion for judgment on the pleadings, the court may consider only statements set forth in the pleadings. *Burnside v. Leimbach* (1991), 71 Ohio App.3d 399, 594 N.E.2d 60. These statements, and all reasonable inferences therefrom, must be construed in a light most favorable to the nonmoving party. *Id.; Gawloski v. Miller Brewing Co.* (1994), 96 Ohio App.3d 160, 644 N.E.2d 731. Judgment on the pleadings will be granted only where no material issues of fact exist and the movant is entitled to judgment as a matter of law. *Burnside, supra.*

While the court recognizes that there are occasions when hard and fast rules do not apply to forfeitures, the instant case presents no facts which take it outside the general rule of law set forth in *Cleveland v. Herron* (1921), 102 Ohio St. 218, 224, 225, 131 N.E. 489, 491:

" * * * While under certain circumstances or special relation of the parties equity will closely examine a transaction where there appears to have been any undue influence or improper advantage * * *.

"It seems quite well settled that mere failure of consideration, whether partial or total, when unmingled with fraud or bad faith, is not sufficient in equity to warrant the rescission of an executed contract; and, further, that in the absence of fraud a deed for real estate will not be set aside as for a failure of consideration on the sole ground that the promises and agreements which entered into its execution, and which were to be performed in the future, have not been performed. So equity will not interfere ordinarily where a grantor has seen fit to accept a promise on the part of his grantee for the performance of certain acts, without specifically providing that failure to perform shall be a condition of forfeiture, or in some way affect the validity of the deed, or entitle him to a reconveyance."

This rule of law was applied in *Flynn v. McHugh* (1955), 98 Ohio App. 393, 57 O.O. 441, 129 N.E.2d 848, in a situation very similar to the instant one. See, also, *Secrest v. Secrest* (App.1950), 58 Ohio Law Abs. 514, 44 O.O. 200, 97 N.E.2d 62; and *Runyan v. Maloney* (Nov. 25, 1981), Clermont App. No. 906, unreported, 1981 WL 5258. Where a deed is free from ambiguity and uncertainty, it cannot be declared invalid except upon evidence which meets the requirements of the settled law in the state, by clear and convincing evidence. *Flynn,* 98 Ohio App. at 403, 57 O.O. at 445, 129 N.E.2d at 854; *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735, 600 N.E.2d 791, 793–794.

In the case *sub judice,* the deed did not make any provision for forfeiture upon failure of consideration. The deed, therefore, can be rescinded only upon a showing of fraud or undue influence by clear and convincing evidence. The facts as set forth in the complaint do not create even the slightest inference as to any fraud or undue influence. In the absence of any written provisions concerning forfeiture, or allegations as to fraud or undue influence, the plaintiff is not entitled to rescission of the deed in question.

In light of the foregoing, the court holds that defendant is entitled to judgment as a matter of law on plaintiff's claim for rescission, and judgment on said issue is hereby granted. Inasmuch as the parties have not addressed plaintiff's claim for damages set forth in the amended complaint, said issue is reserved for trial.

*Judgment accordingly.*