CRAMER, APPELLANT, *v.* PRICE, APPELLEE.

(No. 4160—Decided November 12, 1948.)

*Mr. O. C. Ingalls, Mr. Gene A. Jones* and *Mr. Stanton G. Darling,* for appellant.
*Mr. James F. Henderson,* for appellee.

HORNBECK, J. This appeal is on questions of law from a judgment dismissing plaintiff's amended petition after the sustaining of a demurrer thereto.

The amended petition asserts that defendant examined plaintiff's wife, advised and performed a surgical operation upon her and without the knowledge and consent of the plaintiff or his wife, did negligently, carelessly and maliciously and in violation of his duties as a surgeon as a part of such operation, cause the vaginal opening in the body of his wife to be partially closed; and that by reason of such negligent acts plaintiff has suffered damages in medical expenses, for money expended for domestic services and for the loss of consortium of the wife and for punitive damages. Defendant demurred to the amended petition for the reason that it was not brought within the time limited for the commencement of such actions. Two common pleas judges who passed upon the amended petition and upon the original petition, in which were substantially the same averments, sustained the demurrer, holding that the action was for malpractice and that the limitation provided in Section 11225, General Code, controlled. That section provides:

"An action for * * * malpractice * * * shall be brought within one year after the cause thereof accrued, * * *."

There is no dispute as to the time when the cause of action accrued and that more than one year elapsed thereafter before it was instituted.

Plaintiff assigns as error that the court improperly applied Section 11225, General Code, to the amended petition and that it should be controlled by Section 11224, General Code, and paragraph 4 thereof. That section provides:

"An action for either of the following causes, shall be brought within four years after the cause thereof accrued: * * * (4) For an injury to the rights of the plaintiff not arising on contract nor hereinafter enumerated * * *."

Plaintiff insists that his action is for damages for loss of his wife's consortium and that an action for malpractice could not be properly instituted by him because his injuries were consequential only and his wife's were direct. Plaintiff cites *Kraut* v. *Cleveland Ry. Co.*, 132 Ohio St., 125, 5 N. E. (2d), 324, 108 A. L. R., 521. That case held that an action of the husband for damages for loss of services and medical expenses incurred as a result of personal injuries sustained by his wife was not an action for "bodily injury" within the meaning of Section 11224-1, General Code, prescribing a two-year limitation, but came under paragraph 4 of Section 11224, General Code, providing for a four-year limitation. Judge Williams, writing the opinion, said that the husband suffered no injury of any kind, and that the bodily injury contemplated in the statute is that sustained to the person of the plaintiff who brings the action. To like effect is *Cincinnati St. Ry. Co.* v. *Whitehead,* 39 Ohio App., 51, 176 N. E., 583, and 21 Ohio Jurisprudence, 556, Section 268.

But here, although the wife had a cause of action for malpractice which is defined as negligent or unlawful wilful acts committed by a physician in treating his patient, by which such person suffers death or injury (*Shuman* v. *Drayton,* 14 C. C., 328, 329, 330, 8 C. D., 12), the husband also could recover his damages, loss of services, etc., in the same type of action. *Shaweker* v. *Spinell,* 125 Ohio St., 423, 181 N. E., 896.

The language of paragraph 4 in Section 11224, General Code, is significant, "for an injury * * * not arising on contract nor hereinafter enumerated." There is no uniformity outside Ohio to the effect that the action of malpractice may not arise on contract. Annotation to *Braun* v. *Riel* (Mo.), 40 S. W. (2d), 621, in 80 A. L. R., 880. Generally, and particularly in Ohio,

malpractice is a tort. The action of the plaintiff here does not arise on the contract but for a breach thereof constituting a tort. In *Bowers* v. *Santee,* 99 Ohio St., 361, 124 N. E., 238, the second paragraph of the syllabus recognizes that malpractice is an action for a breach of contract; and in *Gillette* v. *Tucker,* 67 Ohio St., 106, 126, 65 N. E., 865, 93 Am. St. Rep., 639, Judge Price said that malpractice was not an action on the contract and, therefore, the six-year statute of limitations did not apply but that "it was an action to recover for breach of contract, for negligence in performance of the contract, or a breach of the terms of the contract which the law implies." Judge Day, in *Shuman* v. *Drayton, supra,* said, at page 331, that malpractice was an action "which does not arise on contract."

Section 11225, General Code, succeeding Section 11224, General Code, and expressly enumerating and defining the limitation which shall control an action for malpractice, causes the case here to be controlled by Section 11225, General Code. Clearly, then, the averments of the amended petition do not bring the cause of action stated within the four-year limitation of Section 11224, General Code.

All the malpractice cases which we have cited recognize that such acts are controlled by the one-year statute of limitations.

We are, therefore, of opinion that the action is barred by the express language of Section 11225, General Code, and may not be controlled by paragraph 4 of Section 11224, General Code. The demurrer was properly sustained.

The judgment will be affirmed.

·                    *Judgment affirmed.*

WISEMAN, P. J., and MILLER, J., concur.