**BURNSIDE, Appellant,**

v.

**LEIMBACH, Appellee.**

[Cite as *Burnside v. Leimbach* (1991), 71 Ohio App.3d 399.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–881.

Decided March 21, 1991.

*Larry R. Zingarelli*, for appellant.

*Jacobson, Maynard, Tuschman & Kalur Co., L.P.A.*, and *Daniel J. White*, for appellee.

MARTIN, Judge.

This is a timely appeal by the plaintiff-appellant, Michael Burnside ("plaintiff"), from the June 26, 1990 judgment of the Franklin County Common Pleas Court granting the defendant's May 10, 1990 Civ.R. 12(C) motion for judgment on the pleadings.

As the result of an alleged assault to his head on or about December 15, 1988, plaintiff sought medical attention in the emergency room of the Grant Medical Center. He was treated there by the defendant-appellee, Dr. Warren H. Leimbach ("defendant"), for certain cerebral and soft tissue injuries. Plaintiff at the time was employed by K–Mart, Inc., as a security officer.

Plaintiff kept a follow-up office appointment with the defendant on or about December 27, 1988, at which time the defendant orally estimated that plaintiff could return to work on February 15, 1989.

Sometime after December 27, 1988, plaintiff contacted defendant's office and requested a written report relative to his medical condition, treatment, etc., be forwarded to his employer to verify his absence from work.

The medical report was apparently ultimately sent to K–Mart, Inc., but not until after January 16, 1989, the date upon which it terminated plaintiff's employment due to unexcused absences.

On January 4, 1990, plaintiff filed his complaint in the trial court seeking compensatory damages from the defendant on the alleged basis of: breach of contract (Count 1), negligence (Count 2), and/or the negligent infliction of emotional distress (Count 3). The defendant answered on February 7, 1990, asserting, *inter alia*, various Civ.R. 12(B) defenses.

As observed *supra*, on May 10, 1990, the defendant filed a Civ.R. 12(C) motion for judgment on the pleadings pursuant to the trial court's non-oral hearing procedure. Plaintiff's opposition to that motion was filed on May 16, 1990, and the defendant's reply memorandum was filed on May 23, 1990.

The trial court granted the defendant's motion by a judgment entry entered on June 26, 1990, and dismissed this action. That court concluded that plaintiff's cause of action sounded in tort, rather than in contract, arising from the parties' "professional relationship," and that other portions of plaintiff's complaint did not state viable causes of action under Ohio law.

Plaintiff appealed on July 26, 1990, and he raises the following assignments of error, to wit:

"1.    The trial court committed prejudicial error in granting judgment on the pleadings to Appellee on the claim for breach of contract.

"2.    The trial court committed prejudicial error in granting judgment on the pleadings to Appellee on the negligence claim."

■    As a procedural matter, this court has determined that Civ.R. 12(C) may be employed by a defendant as a vehicle for raising the several defenses contained in Civ.R. 12(B) after the close of the pleadings. *Fischer v. Morales* (1987), 38 Ohio App.3d 110, 111, 526 N.E.2d 1098, 1100.

■    Pursuant to Civ.R. 12(C), the pleadings must be construed liberally and in a light most favorable to the party against whom the motion is made along with the reasonable inferences drawn therefrom. *Case Western Reserve Univ. v. Friedman* (1986), 33 Ohio App.3d 347, 348, 515 N.E.2d 1004, 1005; and *Erie Cty. Bd. of Edn. v. Rhodes* (1984), 17 Ohio App.3d 35, 17 OBR 88, 477 N.E.2d 1171. The trial court may only consider the statements contained in the pleadings, and may not consider any evidentiary materials. *Home Owners' Service Corp. v. Hadley* (1949), 86 Ohio App. 340, 54 Ohio Law Abs. 236, 41 O.O. 377, 84 N.E.2d 314; *Conant v. Johnson* (1964), 1 Ohio

App.2d 133, 30 O.O.2d 157, 204 N.E.2d 100; and *Hughes v. Robinson Memorial Portage Cty. Hosp.* (1984), 16 Ohio App.3d 80, 16 OBR 85, 474 N.E.2d 638.

■ A Civ.R. 12(C) motion presents only questions of law, and it may be granted only when no material factual issues exist, and the movant is entitled to a judgment as a matter of law. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113; *Calhoun v. Supreme Court of Ohio* (1978), 61 Ohio App.2d 1, 15 O.O.3d 13, 399 N.E.2d 559; *State ex rel. Brody v. Peltier* (1985), 27 Ohio App.3d 20, 23, 27 OBR 21, 24, 499 N.E.2d 910, 913; and *Blue Ash Bldg. & Loan Co. v. Hahn* (1984), 20 Ohio App.3d 21, 20 OBR 22, 484 N.E.2d 186.

■ Under Civ.R. 12(B)(6), a motion to dismiss for failure to state a claim upon which relief can be granted may be sustained only where it appears beyond doubt from the complaint that a plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753; *Commerce & Industry Ins. Co. v. Toledo* (1989), 45 Ohio St.3d 96, 101, 543 N.E.2d 1188, 1194; and *Mussivand v. David* (1989), 45 Ohio St.3d 314, 322, 544 N.E.2d 265, 273.

These standards are obviously applicable to the instant appeal.

■ In the first assignment of error, the plaintiff, in essence, argues that the portion of his complaint alleging "breach of contract" should have survived the defendant's Civ.R. 12(B)(6) and 12(C) pleadings on the theory that the defendant's failure to timely forward the medical report to his employer constituted a breach of contract separate from the parties' "professional relationship" and, therefore, was purely a contract matter unrelated to a tort, which stated a cause of action. For the following reasons, we disagree; however, nothing herein should be construed as a condonation of the defendant's, or his staff's, omissions.

Given the "facts" as pleaded in plaintiff's complaint, and construing them most favorably in his behalf, it is apparent that the acts or omissions attributable to the defendant arise only from the parties' on-going physician-patient relationship, and, regardless of the "form" of the pleading, substantively sound only in tort, not contract.

■ While the doctor-patient relationship is fundamentally one in contract, *Bowers v. Santee* (1919), 99 Ohio St. 361, 124 N.E. 238, however, within that unique relationship, whenever a patient brings an action on that contract for a breach thereof, or the alleged negligent performance of it, the action is not on the contract, but is rather in tort. *Gillette v. Tucker* (1902), 67 Ohio St. 106, 65 N.E. 865; *Klema v. St. Elizabeth's Hosp.* (1960), 170 Ohio St. 519, 11

O.O.2d 326, 166 N.E.2d 765; *Cramer v. Price* (1948), 84 Ohio App. 255, 257, 39 O.O. 312, 313, 82 N.E.2d 874, 875; and *Swankowski v. Diethelm* (1953), 98 Ohio App. 271, 274, 57 O.O. 312, 129 N.E.2d 182. This principle applies to all services actually performed during the physician-patient relationship, whether purely medical or administrative in nature. *Klema, supra,* by implication.

As this court has observed in *Muir v. Hadler Real Estate Mgmt. Co.* (1982), 4 Ohio App.3d 89, 90, 4 OBR 170, 171, 446 N.E.2d 820, 822, in defining malpractice as the "professional misconduct" of medical practitioners:

"* * * Such professional misconduct may consist either of negligence or of breach of the contract of employment. It makes no difference whether the professional misconduct is founded in tort or contract, it still constitutes malpractice. * * *" Citing *Gillette, supra.*

Plaintiff places some weight on a letter dated January 23, 1989 from a member of defendant's office staff relating to the failure to forward the medical report to plaintiff's former employer.

Assuming *arguendo* that we may even consider this writing for any purpose, it is, in and of itself, insufficient to constitute a "contract" or "memorandum" under R.C. 1335.05. *Kling v. Bordner* (1901), 65 Ohio St. 86, 61 N.E. 148, applied. It is at best an after-the-fact admission on defendant's part of professional negligence. The document is insufficient to create a cause of action in contract independent of the parties' professional relationship.

In applying the Civ.R. 12(B)(6) defense to the defendant's Civ.R. 12(C) motion, the trial court correctly determined that the plaintiff's breach of contract allegations did not state a claim upon which relief could be granted. The first assignment of error is overruled.

The second assignment of error relates to the trial court's dismissal of the plaintiff's complaint as it asserted causes of action in "negligence." We find no error in the trial court's conclusion, analyzing the substance over the form of Counts 1 and 2 of the complaint, that plaintiff was asserting a cause of action for the tort of negligent interference with a business relation. This action is not recognized as yet in Ohio. *Sayre v. United States* (N.D.Ohio 1967), 282 F.Supp. 175. Thus, even if the defendant was negligent and breached some duty to the plaintiff, such conduct does not state a valid cause of action. *Lindsey v. Candage* (May 16, 1988), Stark App. No. CA–7356, unreported, 1988 WL 48599.

In Count 3 of his complaint (at paragraph fourteen), plaintiff states that he "* * * has a cause of action against Defendant Dr. Leimbach for the negligent infliction of mental distress." This cause of action was likewise

predicated upon the defendant's failure to timely forward a medical report to plaintiff's then employer, resulting in his job loss. Since the plaintiff has not raised the dismissal of this claim by the trial court as a separate assignment of error, that issue has not been properly perfected in the instant appeal and is not now before us. *Strack v. Westfield Companies* (1986), 33 Ohio App.3d 336, 337, 515 N.E.2d 1005, 1006. The second assignment of error lacks merit and is also overruled.

Both assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BOWMAN, P.J., and JOHN C. YOUNG, J., concur.

WILLIAM J. MARTIN, J., of the Carroll County Common Pleas Court, sitting by assignment.