OPINION
Plaintiff-appellant Susan Pollack appeals the June 2, 1997 Judgment Entry of the Fairfield County Court of Common Pleas which granted defendant-appellant Eugene Watts' Motion for Judgment on the Pleadings and dismissed appellant's suit.
 STATEMENT OF THE FACTS AND CASE
On August 8, 1996, appellant filed a Complaint in the Fairfield County Court of Common Pleas against appellee and two unknown John Doe defendants associated with or employed by the Lancaster Eagle Gazette asserting causes of action in libel and slander, invasion of privacy, defamation, and intentional infliction of emotional distress arising out of a newspaper article in which appellee allegedly made actionable comments concerning appellant and caused her injury. Service was perfected on appellee on August 13, 1996. Appellee did not file an answer.
On September 26, 1996, appellant filed a Motion for Default Judgment. Via Entry dated September 30, 1996, the trial court granted appellant default judgment against appellee. The trial court scheduled a hearing on the question of damages for November 25, 1996. On October 4, 1996, appellee filed a Motion for Relief from Judgment and a Motion for Leave to File an Answer Instanter. On November 14, 1996, appellant filed a memorandum in opposition. Appellee filed a reply memorandum on November 20, 1996. After a series of other filings, the trial court held a telephone conference with appellee's attorney and appellant on December 19, 1996. Via Journalization of Phone Conference dated December 20, 1996, the trial court ordered appellee to file a motion for judgment on the pleadings by the end of January, 1997. Pending resolution of the aforementioned motion, the trial court ordered the judgment entered against appellee remain in effect, and held in abeyance ruling on appellee's motion for relief from judgment; determining damages due to appellant as a result of the default judgment; and ruling on appellant's other motions.
On January 31, 1997, appellee filed a Motion for Judgment on the Pleadings asserting the trial court lacked subject matter jurisdiction pursuant to R.C. 2743.02(F) because appellee is a Ohio State Senator. Appellee further asserted appellant's libel, slander, and defamation claims were barred by the statute of limitations; and appellant's invasion of privacy and intentional infliction of emotional distress claims failed to allege sufficient facts to state causes of action. After several extensions, appellant filed a memorandum in opposition on May 5, 1997. Via Judgment Entry dated June 2, 1997, the trial court granted appellee's motion finding it lacked subject matter jurisdiction. As a result of this finding, the trial court dismissed appellant's action. The trial court reentered the Judgment Entry on December 3, 1997, because appellant did not receive notice of the June 2, 1997 Judgment Entry.
It is from the December 3, 1997 Judgment Entry appellant prosecutes this appeal raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN ENTERTAINING/GRANTING A MOTION FOR JUDGMENT UPON PLEADINGS WHEN THERE ALREADY WAS A JUDGMENT ENTERED.
 II. THE TRIAL COURT ERRED IN CONSIDERING MATERIALS OUTSIDE OF THE COMPLAINT WHEN REVIEWING A RULE 12 MOTION.
 III. THE TRIAL COURT ERRED IN ENTERING AN ORDER OF DISMISSAL RATHER THAN A `STAY' OR `TRANSFER'.
 IV. THE TRIAL COURT ERRED IN DISMISSING THE ENTIRE COMPLAINT UPON A FINDING WHICH WOULD ONLY APPLY TO ONE OF THREE DEFENDANTS, AND WITHOUT GIVING THE APPELLANT A CHANCE TO AMEND HER COMPLAINT.
 I
In her first assignment of error, appellant maintains the trial court erred in granting appellee's motion for judgment on the pleadings when the court had previously entered a judgment on her motion for default.
A default judgment which continues the matter to determine damages does not constitute a final, appealable order. See,Schelich v. Theater Effects, Inc. (1996), 111 Ohio App.3d 271,272. Until the time the trial court enters a final judgment, the court retains jurisdiction. See, Pitts v. Ohio Dept. of Transp.
(1981), 67 Ohio St.2d 378, footnote 1; Civ.R. 54(B).
Appellant filed her Complaint on August 8, 1996. Although service was perfected on appellee on August 13, 1996, appellee did not file an answer. Thereafter, on September 26, 1996, appellant filed a Motion for Default Judgment, which the trial court granted via Entry dated September 30, 1996. In the same entry, the trial court scheduled the matter for a hearing on damages for November 25, 1996. Prior to the scheduled hearing date, appellee filed a motion for relief from judgment as well as a motion for leave to file an answer instanter. After a telephone conference on December 19, 1996, the trial court allowed appellee to file a motion for judgment on the pleadings, which appellee filed on January 31, 1997.
Because the trial court's order of September 30, 1996, was interlocutory, the trial court retained jurisdiction to modify, vacate, or reverse its grant of default judgment of liability. Accordingly, we find the trial court did not err in entertaining and/or granting appellee's motion for judgment on the pleadings subsequent to its grant of default judgment in appellant's favor.
Appellant's first assignment of error is overruled.
 II
In her second assignment of error, appellant contends the trial court erred in considering evidentiary material outside of the complaint when reviewing appellee's Civ.R. 12 motion.
Civ.R. 12(C) provides:
 (C)Motion for Judgment on the Pleadings. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.
A motion for judgment on the pleadings presents only questions of law, and may be granted only when no material factual issues exist, and the movant is entitled to judgment as a matter of law. Burnside v. Leimbach (1991), 71 Ohio App.3d 399, 403. In ruling on such a motion, the pleadings must be construed liberally and in a light most favorable to the party against whom the motion is made, along with reasonable inferences drawn therefrom. See,Burnside, supra at 402; Case Western Reserve Univ. v. Friedman
(1986), 33 Ohio App.3d 347, 348. Further, a trial court may only consider the statements contained in the pleadings and may not consider any evidentiary materials. Burnside, supra at 402; Seealso, Peterson v. Teodosio (1973), 34 Ohio St.2d 161. Finally, it has been held, unlike a motion to dismiss for failure to state a claim, a motion for judgment on the pleadings cannot be converted to a motion for summary judgment. Piersant v. Bryngelson (1989),61 Ohio App.3d 359, 363.
In his Brief to this Court, appellee argues the trial court was not limited, as appellant suggests, to the allegations in the complaint. Appellee submits the trial court properly considered all the evidence and arguments contained in the pleadings, including appellee's answer and his affidavit, which is attached to the motion for relief from judgment. See, Merit Brief of Appellee State of Ohio, p. 4.
Civ.R. 7(A) defines "pleadings" as follows:
 (A) Pleadings. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.
Prior to filing his motion for judgment on the pleadings, appellee filed a motion for relief from judgment and a motion for leave to file an answer instanter, which were not ruled on by the trial court. Contrary to appellee's position, these motions do not constitute "pleadings". Civ.R. 7(A) does not include motions as part of the definition of "pleadings". The mere filing of a motion for leave to file an answer instanter, which is not granted, does not give the trial court the right to consider evidentiary material contained therein. Because the trial court did not grant appellee leave to file his answer, the only pleading properly before the trial court was appellant's complaint. Accordingly, in ruling on appellee's motion, the court could only consider the statements contained in the complaint.
The issue of whether or not the trial court had subject matter jurisdiction over appellee is dependent upon its determination appellee is a Senator. Because appellant's complaint does not include such information and the complaint was the only pleading which the trial court could properly consider, we find the trial court erred in determining it lacked jurisdiction over appellee. Although appellee may raise this issue via a motion for summary judgment at a later date, as stated, supra, unlike a motion to dismiss for failure to state a claim, a motion for judgment on the pleadings cannot be converted to a motion for summary judgment.
Because appellee's motion for relief from judgment and motion for leave to file an answer instanter do not constitute "pleadings" as defined in Civ.R. 7(A), we find the trial court erred in considering evidentiary material found in those filings when reviewing appellee's motion for judgment on the pleadings.
Accordingly, we sustain appellant's second assignment of error and remand the matter to the trial court for further proceedings in accordance with law and this opinion.
 III
In light of our disposition of appellant's second assignment of error, we find appellant's third assignment to be moot.
 IV
Having sustained appellant's second assignment of error, thereby reversing the trial court's dismissal of appellant's complaint, and reopens the case against all defendants, we find any further discussion to be moot.
The Judgment Entry of the Fairfield County Court of Common Pleas is affirmed in part and reversed in part and remanded for further proceedings in accordance with law and this opinion.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the December 3, 1997 Judgment Entry of the Fairfield County Court of Common Pleas is reversed this case is remanded to that trial court for further proceedings in accordance with the law and this opinion. Costs assessed to appellee.