DECISION
Appellants, Michael Moore and Ken Caldwell, appeal from a judgment of the Franklin County Court of Common Pleas that granted judgment on the pleadings in favor of appellee, John Rickenbacker, and set forth the following assignments of error:
 I. THE TRIAL COURT ERRED WHEN IT SUMMARILY DISMISSED THE APPELLANTS' COMPLAINT AGAINST APPELLEE RICKENBACKER.
 II. THE TRIAL COURT VIOLATED THE APPELLANTS' DUE PROCESS RIGHTS WHEN [THE COURT] FAILED TO PROVIDE THE APPELLANTS AN OPPORTUNITY TO CURE THE ALLEGED PLEADING DEFECT.
For the reasons which follow, we affirm the decision of the trial court.
On March 12, appellants filed a complaint against John Rickenbacker, Victory's Bar and Grill, and Rittel, Hill Zimmerman Insurance Agency, Inc., alleging they were assaulted by Rickenbacker at Victory's on March 17, 1997, and that Rittel, Hill Zimmerman provided insurance to Victory's. Appellants later dismissed Rittel, Hill Zimmerman on April 9, 1999, and eventually entered into a settlement agreement with Victory's.
Rickenbacker filed a motion for judgment on the pleadings, pursuant to Civ.R. 12(C), on the basis that the complaint was barred by the statute of limitations. In response, appellee argued that Rickenbacker's identity was unknown to them until he was indicted by the grand jury for felonious assault in August 1998, and, therefore, based on the tolling provisions in R.C. 2305.111(B), the complaint filed in March 1999 was timely. Appellants attached to their memorandum in opposition to appellee's Civ.R. 12(C) motion, their affidavits as well as correspondence with the detective investigating the assault. The trial court found, based on the allegations in the pleadings, appellants' claims were barred by the one-year statute of limitations.
In their first assignment of error, appellants argue that the trial court erred in granting judgment on the pleadings. A motion presented pursuant to Civ.R. 12(C) presents only questions of law and may be granted only when no material factual issues exist and the moving party is entitled to judgment as a matter of law. Pursuant to Civ.R. 12(C), pleadings and any reasonable inferences to be drawn from the pleadings are to be liberally construed in the light most favorable to the non-moving party. The trial court may only consider the statements contained in the pleadings and may not consider any evidentiary materials. Burnside v. Leimbach (1991), 71 Ohio App.3d 399. The trial court correctly found that, unlike a motion for summary judgment, it could not consider the evidentiary material presented by appellants in response to the motion for judgment on the pleadings and could only look to the pleadings themselves.
The complaint filed by appellants states the assault occurred March 17, 1997, which is clearly more than one year before the filing date of April 12, 1999. Nothing is alleged in the complaint that would suggest the tolling provision in R.C. 2305.111(B) were applicable. Appellants' first assignment of error is overruled.
In their second assignment of error, appellants argue that the trial court should have allowed them to amend the complaint and set forth facts that would have triggered the application of R.C. 2305.111(B). In Peterson v. Teodosio (1973), 34 Ohio St.2d 161, the defendant filed a motion for judgment on the pleadings based on the expiration of the statute of limitations. The trial court granted the motion on September 28, 1971, and, on October 1, 1971, the plaintiff moved to file an amended complaint to add additional facts that would have tolled the running of the statute of limitations. The trial court denied the motion to amend. The Ohio Supreme Court held, at paragraph six of the syllabus:
 It is an abuse of discretion for a court to deny a motion, timely filed, seeking leave to file an amended complaint, where it is possible that plaintiff may state a claim upon which relief may be granted and no reason otherwise justifying denial of the motion is disclosed.
Here, the trial court rendered its decision granting judgment on the pleadings on March 8, 2000, and the judgment entry was not filed until October 13, 2000. Appellants took no action in the intervening seven months to attempt to amend the complaint. Appellants only reference to an amendment was in their memorandum in opposition to the motion for judgment on the pleadings when appellants stated:
 * * * [T]he Court must allow the Plaintiffs to amend their complaint if such amendment would cure any defect the Court may find. Such amendment would not prejudice any party to this matter and would allow this matter to be heard on the merits.
Appellants never requested leave or proffered an amendment to their complaint. It was not the trial court's duty to sua sponte order a party to file an amended complaint. Therefore, appellants' second assignment of error is overruled.
For the foregoing reasons, appellants' first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 __________________ BOWMAN, J.
LAZARUS and BROWN, JJ., concur.