OPINION
Plaintiff-appellant Brent Sterling [hereinafter appellant] appeals the March 22, 2001, Judgment Entry of the Muskingum County Court of Common Pleas which dismissed appellant's Complaint for Removal of Prosecuting Attorney for Neglect or Misconduct, made pursuant to R.C. 309.05. Defendants-appellees are D. Michael Haddox and Shawn E. Crawmer.
 STATEMENT OF THE CASE AND FACTS
On November 16, 2000, appellant filed a Complaint to Remove the Muskingum County Prosecutor D. Michael Haddox, and Assistant Prosecutor Shawn E. Crawmer [hereinafter appellees], pursuant to R.C. 309.05.[1]
In relevant part, appellant alleged the appellees had committed wanton and willful neglect of duty and gross misconduct in office. Specifically, appellant alleged that appellee Crawmer refused to provide appellant with a "Uniform Victim's statement form and to file charges against a Dawn M. Sterling". Appellant's Complaint. Further, appellant alleged that appellees Haddox and Crawmer refused to present information to the Grand Jury for indictment of Dawn Sterling. Appellant alleged that appellees' actions were committed with malicious purpose and in bad faith, based upon a 1994 complaint appellant had filed against appellee Haddox with the Ohio Supreme Court Disciplinary Counsel. Appellant contends that appellee Haddox intended to "get him back." Attached to appellant's complaint were exhibits, including a complaint upon affidavit allegedly sent to appellee Haddox. The Complaint and Affidavit stated the factual basis of the asserted criminal claims against Dawn M. Sterling.[2]
Appellees filed a Motion for Judgment on the Pleadings on February 7, 2001. In the Motion, appellees asserted that 1) R.C. 309.05 was not applicable to appellee Crawmer because he was an assistant prosecutor; 2) the Complaint failed to state sufficient factual allegations to support an action pursuant to R.C. 309.05; and 3) that appellees were entitled to absolute immunity.
On February 15, 2001, appellant filed a Motion to Strike appellees' Motion on the Pleadings. In part, appellant argued that the appellees filed the wrong motion. Appellant asserted that appellees should have filed a Motion for Summary Judgment.
Subsequently, on February 26, 2001, appellees filed a Motion for a Protective Order. In the Motion, the appellees asked the trial court to postpone depositions and stay discovery, pending the court's decision on the Motion for Judgment on the Pleadings.
By Judgment Entry, filed March 1, 2001, the trial court overruled appellant's Motion to Strike the "Motion for Summary Judgment." Further, appellant was given 10 days to "reply to Defendant's [sic] [appellees'] Motion for Summary Judgment [sic]." As can be seen, the trial court mistakenly references appellees' Motion for Judgment on the Pleadings as a Motion for Summary Judgment.
On March 2, 2001, appellant filed a Motion Contra the Motion for Protection Order. However, the trial court granted the appellees' Motion for a Protective Order and stayed all discovery pending the trial court's ruling on appellees' Motion for Judgment on the Pleadings.
Thereafter, appellant filed a "Motion in Opposition to [Appellees'] Motion for Summary Judgment on the Pleadings." Appellant argued that appellees were not entitled to absolute immunity, pursuant to R.C. 2744.03
and R.C. 3746.24. Further, appellant agreed that his Amended Complaint demonstrated that the appellees failed to perform their duties, in deprivation of appellant's Constitutional rights.
On March 22, 2001, the trial court granted appellees' Motion for Judgment on the Pleadings. The trial court found that appellee Crawmer was not subject to removal since Crawmer was an assistant prosecutor and not an elected official. As to the Prosecutor, the trial court found that prosecutors were entitled to absolute immunity when their activities were intimately associated with the judicial phase of the criminal process. The trial court noted that the discretion whether to file criminal charges rests entirely with the prosecutor and it will not be presumed that a prosecutor's decision to file charges is based upon improper motive.
It is from the March 22, 2001, Judgment Entry that appellant appeals, presenting the following assignments of error:
 I. THE TRIAL COURT COMMITTED PLAIN, FUNDAMENTAL ERROR APPARENT OF RECORD BY DENYING THE APPELLANT DISCOVERY IN DIRECT VIOLATION OF THE PURPOSES OF THE FIFTH, NINTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND CORRESPONDING STATE CONSTITUTIONAL PROVISIONS, ALONG WITH THE RULES OF CIVIL PROCEDURE FOR THE STATE OF OHIO CONSTITUTING AS A MINIMAL [SIC], REVERSIBLE ERROR.
 II. THE TRIAL COURT COMMITTED PLAIN, FUNDAMENTAL ERROR APPARENT OF RECORD BY REQUESTING THE APPELLANT TO RESPOND TO A MOTION FOR SUMMARY JUDGMENT, AND THEN SAY THAT THE APPELLANT WAS MISTAKEN IN DOING SO. THIS IS A VIOLATION OF THE PURPOSES OF THE FIFTH, NINTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND CORRESPONDING STATE CONSTITUTIONAL PROVISIONS, ALONG WITH THE RULES OF CIVIL PROCEDURE FOR THE STATE OF OHIO CONSTITUTING AS A MINIMAL [SIC], REVERSIBLE ERROR.
In the first assignment of error, appellant asserts that the trial court committed reversible error when it failed to allow appellant to obtain discovery through depositions. We disagree.
On January 31, 2001, and February 13, 2001, appellant filed Notices to Take Depositions. Thereafter, on February 26, 2001, and subsequent to filing a Civ. R. 12(C) Motion for Judgment on the Pleadings,[3]
appellees filed a Motion for a Protective Order to stay discovery pending the trial court's decision on the Motion for Judgment on the Pleadings. The trial court granted appellees' Motion.
Management of the discovery process is within the discretion of the trial court. State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55,57. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's judgment was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
We find that the trial court did not abuse its discretion in granting the stay of discovery proceedings. When considering a Motion for Judgment on the Pleadings, a trial court's review is limited to the Complaint.Burnside v. Leimbach (1991), 71 Ohio App.3d 399, 402-403; Nelson v.Pleasant (1991), 73 Ohio App.3d 479, 481. In order to be entitled to dismissal on a Motion for Judgment on the Pleadings, it must appear beyond doubt that the relator can prove no set of facts warranting the requested relief, after construing all material factual allegations inthe complaint and all reasonable inferences therefrom in the relator's favor. State ex rel. Midwest Pride IV, Inc. v. Pontious (1996),75 Ohio St.3d 565, 570 (Emphasis added). Therefore, "[t]he completion of discovery is not relevant to the granting of a Motion to Dismiss." Lindowv. City of North Royalton (1995), 104 Ohio App.3d 152, 159.
Because the trial court's inquiry was restricted under Civ.R. 12(C) solely to the allegations in the pleadings, the trial court would not have been permitted to consider evidence outside of the pleadings when ruling on the motion. Therefore, the trial court did not abuse its discretion.
Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant argues that the trial court committed reversible error when it ordered appellant to respond to a motion for summary judgment and then found that appellant was mistaken in responding to a motion for summary judgment. We disagree.
As stated previously, appellees filed a Motion for Judgment on the Pleadings. Appellant subsequently filed a "Motion to Strike [Appellees'] Motion for Judgment on the Pleadings." By Judgment Entry filed March 1, 2001, the trial court overruled appellant's Motion to Strike and granted appellant "10 days from the file-stamped date of this Entry to reply to [Appellees'] Motion for Summary Judgment [sic]." In response, appellant filed a motion captioned "Motion in Opposition to [Appellees'] Motion for Summary Judgment on the Pleadings." In the Motion in Opposition, appellant argued that the appellees were not entitled to absolute immunity and that his amended complaint showed that the appellees failed to perform their duties and "raped" appellant of his constitutional rights.
We acknowledge that appellant couched the arguments presented in his Motion in Opposition of Appellees' Motion in terms of summary judgment. However, we find that appellant has not demonstrated prejudice as a result of the trial court's error.
First, appellees' motion was clearly identified as a Motion for Judgment on the Pleadings, pursuant to Civ.R. 12(C). Second, appellant's initial response to the appellees' motion was captioned "Motion to Strike [Appellees'] Motion for Judgment on the Pleadings." At that point, appellant knew what type of motion appellees had filed. Further, appellant argued, in his Motion in Opposition of [Appellee's] Motion for Summary Judgment on the Pleadings, that his amended Complaint showed that appellees blatantly failed to perform their duties pursuant to an intention to seek revenge against appellant. Lastly, appellant has presented this court with no new argument that he could have made in response to motion on the pleadings that would have changed the trial court's legal determination. See Hollinghead v. Bey (July 21, 2000) Lucas App. No. L-99-1351 unreported, 2000 WL 1005205.
Appellant's second assignment of error is overruled.[4]
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs to appellant.
Hon. Julie Edwards, P. J. Hon. W. Scott Gwin, J. Hon. John Boggins. J. concur.
[1] Subsequently, appellant filed an amended Complaint. While appellant's Amended Complaint refined the allegations somewhat, it made no new allegations of consequence to this matter.
[2] In appellant's Complaint upon Affidavit, appellant asserted that Dawn Sterling should be charged with Forgery, in violation of R.C.2913.31, Domestic Violence, R.C. 2921.13, Falsification, in violation of 2921.13, Obstructing Justice, in violation of 2921.32 and Breaking and Entering, in violation of 2911.13.
[3] "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Civ. R. 12(C).
[4] We note that appellant has presented no assignments of error as to the trial court's application of the doctrine of absolute immunity or its holding that appellee Assistant Prosecutor Crawmer is not subject to removal pursuant to R.C. 309.05. Therefore, this court does not address those issues and makes no determinations thereupon.