**HEFFNER et al., Appellants,**

**v.**

**REYNOLDS et al., Appellees.**

[Cite as *Heffner v. Reynolds,* 149 Ohio App.3d 339, 2002-Ohio-4655.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–02–1040.

Decided Sept. 6, 2002.
</div>

Stuart F. Cubbon, for appellants.

Thomas Kilbane and Martin T. Galvin, for appellees.

PIETRYKOWSKI, Presiding Judge.

{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that granted summary judgment to defendants-appellees, Dwight C. Reynolds, M.D., and the Centers for Health Promotion, Inc., thereby dismissing the claims of plaintiffs-appellants for breach of contract. From that judgment, appellants Ida D. Heffner, Sherri Heath, and Joanne Foley now raise the following assignment of error:

{¶ 2} "The trial court erred in granting summary judgment to defendants-appellees."

{¶ 3} The undisputed facts of this case are as follows. Dwight C. Reynolds is a medical doctor engaged in the practice of liposuction surgery through the Centers for Health Promotion, Inc. in Fort Lauderdale, Florida. Dr. Reynolds solicits liposuction patients through the Internet and printed promotional literature. A one-page flier published by appellees and posted in appellants' beauty shop reads in part: "Dr. Reynolds, one of the nations leading liposuction surgeons, has performed more than **4,500 Procedures Without Complications And Excellent Results.** Dr. Reynolds Trained In General Surgery At the Cleveland Clinic Foundation in Cleveland, Ohio. Dr. Reynolds Has Been Board Certified In Emergency Medicine Since 1985. His Slogan is 'We Trim Your Fat, Not Your Wallet.' Satisfaction Guaranteed, So Long As Your Goals Are Realistic." A more detailed brochure from the Centers for Health Promotion includes a letter purporting to have been written and signed by Dr. Reynolds that reads: "From the moment you enter our center for your initial consultation with me, until your dream of a new you is realized, we are here to offer support and present to you a warm and compassionate medical staff to assist you. To my knowledge we are the only institution that in writing will: 1. Guarantee you will be happy with your results." That brochure further includes six pages of information describing Dr. Reynolds's credentials and how the liposuction procedure is performed. One of those pages is titled "Areas Suitable for Liposuction Surgery Satisfaction Guaranteed." Finally, the brochure includes two pages of what purport to be before and after photographs of patients who have undergone liposuction surgery. Both of those pages include the words "SATISFACTION GUARANTEED" in large, bold type.

{¶ 4} Appellants, Ida D. Heffner, Sherri Heath, and Joanne A. Foley, all underwent liposuction surgery, performed by Dr. Reynolds, between November 1998 and August 1999. In affidavits filed in the proceedings below, all three appellants asserted that they were not satisfied with the outcome of the cosmetic surgery performed by Dr. Reynolds, that they relied upon the express guarantees of satisfaction given orally and in writing by Dr. Reynolds, and that they would not have consented to the surgery without the guarantees.

{¶ 5} On March 30, 2000, Ida Heffner and Sherri Heath filed a complaint in the court below, asserting claims for medical malpractice and breach of express warranties. Shortly thereafter, Joanne Foley also filed a complaint in the court below, asserting the same claims. Subsequently, the lower court filed an order consolidating the two cases.

{¶ 6} Initially, appellees filed a motion to dismiss the claims for breach of contract on the ground that appellants had failed to state a claim upon which

relief could be granted. Subsequently, however, they filed a motion for summary judgment, and the trial court, in a pretrial order, converted appellees' motion to dismiss to a motion for summary judgment. In their summary judgment motion, appellees asserted that they were entitled to judgment as a matter of law because there can be no claim for breach of contract when medical malpractice is asserted and that appellants could not establish through expert testimony that appellees were negligent in their care and treatment of appellants. Appellants countered that their claim for breach of contract should not be dismissed, because appellees provided an express guarantee of a satisfactory result and, as demonstrated in appellants' affidavits, appellants were not satisfied with the results of their surgeries.

{¶ 7} On February 12, 2002, the trial court issued a decision and judgment entry granting appellees' motion for summary judgment. Initially, the court recognized that appellants had not opposed appellees' argument that appellants could not present expert testimony in support of their claims for medical malpractice and, so, granted appellees summary judgment on those claims. The court then addressed appellants' claim for breach of contract and held that in Ohio, claims against doctors for work done in their professional capacity are claims for medical malpractice or negligence in performing medical services, not breach of contract. Thus, the court held, breach of contract is a claim that must be dismissed as a matter of law. Appellants now challenge that holding, limiting their appeal to the trial court's ruling on their breach-of-contract claim.

{¶ 8} Appellants assert that although Dr. Reynolds is a physician, he freely entered into a specific agreement with his patients that they would be satisfied with the results of his liposuction surgery and, therefore, appellants had the right to sue Dr. Reynolds and the Centers For Health Promotion for breach of contract when they were not satisfied with the surgical results.

{¶ 9} Under Ohio law, a claim for medical malpractice includes any claim arising out of the alleged professional misconduct of the physician, whether the claim is founded in negligence or breach of the employment contract. *Burnside v. Leimbach* (1991), 71 Ohio App.3d 399, 403, 594 N.E.2d 60; *Robb v. Community Mut. Ins. Co.* (1989), 63 Ohio App.3d 803, 805, 580 N.E.2d 451. "This principle applies to all services actually performed during the physician-patient relationship, whether purely medical or administrative in nature." *Burnside*, 71 Ohio App.3d at 404, 594 N.E.2d 60. The crux of these claims, however, is that the doctor performing the medical procedure committed some form of professional misconduct, either in the performance of the medical procedure itself or in the medical or administrative procedures that followed. Id.

{¶ 10} In the present case, however, appellants asserted that appellees breached their agreement that appellants would be satisfied with the results of the liposuction surgeries. These claims are not dependent on a finding that Dr. Reynolds committed some form of professional misconduct. Rather, the claims evolve from an agreement, separate and apart from Dr. Reynolds's agreement to perform medical services for appellants, that appellants would be satisfied with the results of the liposuction surgery. "Where a contract contains a satisfaction clause which must appeal to the personal taste or preference of a party, the contract must be substantially performed to the satisfaction of that party." *Herold v. Herold* (Dec. 22, 1992), Franklin App. No. 92AP–36, 1992 WL 386022, citing *Thermal Master, Inc. v. Greenhill* (Sept. 29, 1987), Franklin App. No. 86AP–745, 1987 WL 17801, and *Schatzinger v. Lake View Land & Improvement Co.* (1910), 13 Ohio C.C.(N.S.) 410, 1910 WL 1212. The fact that the parties maintained a doctor-patient relationship does not prohibit them from entering into an additional agreement that the patient will be satisfied with the results of elective cosmetic surgery. Such an agreement is in addition to and independent of the contract for the employment of the doctor for medical services. The very nature of cosmetic surgery is to alter or enhance one's appearance. Appellees' own promotional materials promised a "new you" and guaranteed that patients would be happy with their results. In our view, if a doctor chooses to guarantee that a patient will be satisfied with the results of elective cosmetic surgery, the patient has the right to sue the doctor for breach of contract if he or she is not satisfied.

{¶ 11} We therefore conclude that the trial court erred in granting appellees summary judgment on appellants' claims for breach of contract, and the sole assignment of error is well taken.

{¶ 12} On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This case is remanded to the trial court for further proceedings consistent with this decision. Court costs of this appeal are assessed to appellees.

Judgment reversed
and cause remanded.

PETER M. HANDWORK and JAMES R. SHERCK, JJ., concur.