[Cite as *Leiby v. Univ. of Akron*, 2011-Ohio-5329.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TODD LEIBY

      Plaintiff

      v.

THE UNIVERSITY OF AKRON

      Defendant
      Case No. 2010-08586

Judge Joseph T. Clark

ENTRY GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

{¶1} On July 13, 2011, plaintiff filed a motion for summary judgment pursuant to Civ.R. 56(A). On July 14, 2011, defendant filed a cross-motion for summary judgment pursuant to Civ.R. 56(B) or, in the alternative, motion to dismiss pursuant to Civ.R. 12(B)(1) and (6); however, inasmuch as the pleadings are closed, the court construes defendant's motion to dismiss as a motion for judgment on the pleadings pursuant to Civ.R. 12(C).[1] Defendant filed a response to plaintiff's motion on July 26, 2011, and plaintiff filed a response to defendant's motion on July 27, 2011. The motions are now before the court for a non-oral hearing.

{¶2} Civ.R. 12(C) states: "After the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings presents only questions of law and it may be granted only where no material factual issues exist and when the moving party is entitled to judgment as a matter of law. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 165-166.

"Pursuant to Civ.R. 12(C), the pleadings must be construed liberally and in a light most favorable to the party against whom the motion is made along with the reasonable inferences drawn therefrom." *Burnside,* supra.

{¶3} Plaintiff, an alumnus of defendant, alleges that on June 1, 2008, he filed a report with defendant's Office of Student Judicial Affairs wherein he alleged that he observed a student engage in "academic dishonesty" during the fall semester of 1999. The crux of plaintiff's complaint is that defendant failed to properly investigate and act upon his report, that defendant engaged in "a massive cover-up to ignore the serious academic dishonesty problems," and that such actions "diminished the value" of the degrees that defendant conferred upon him. Plaintiff asserts claims for defamation and violation of the Ohio Consumer Sales Practices Act (CSPA).

{¶4} For his claim of defamation, plaintiff alleges that defendant has falsely represented "that his G.P.A. accurately reflects his skills, knowledge, and abilities, against those of his peers, who have not earned or deserve[d] the so-called privileges of the degrees and G.P.A.'s that they possess, due to the academic dishonesty that they committed * * *." (Complaint, ¶28.)

{¶5} "To prevail on a defamation claim, whether libel or slander, a plaintiff must prove the following elements: (1) a false statement, (2) about the plaintiff, (3) was published without privilege to a third party, (4) with fault of at least negligence on the part of the defendant, and (5) the statement was either defamatory per se or caused special harm to the plaintiff." *Schmidt v. Northcoast Behavioral Healthcare*, Franklin App. No. 10AP-565, 2011-Ohio-777, ¶8.

{¶6} Plaintiff's complaint does not identify a specific statement attributable to defendant, nor does he allege that any such statement was published to a third party. Accordingly, plaintiff's complaint fails to state a claim for relief sounding in defamation.

---

[1]See *Burnside v. Leimbach* (1991), 71 Ohio App.3d 399, 402 ("Civ.R. 12(C) may be employed by a defendant as a vehicle for raising the several defenses contained in Civ.R. 12(B) after the close of the pleadings.").

**{¶7}** With respect to plaintiff's claim under the CSPA, R.C. 1345.04, a portion of the CSPA, states: "The courts of common pleas, and municipal or county courts within their respective monetary jurisdiction, have jurisdiction over any supplier with respect to any act or practice in this state covered by sections 1345.01 to 1345.13 of the Revised Code, or with respect to any claim arising from a consumer transaction subject to such sections."

**{¶8}** R.C. 2743.02(A)(1) provides in part: "The state hereby waives its immunity from liability * * * and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties * * *. To the extent that the state has previously consented to be sued, this chapter has no applicability." The CSPA was enacted prior to the enactment of the Court of Claims Act and it applies to consumer actions against a "government, governmental subdivision or agency." See R.C. 1345.01(B); *Ridenour v. Chillicothe Corr. Inst.*, Ct. of Cl. No. 2007-09178-AD, 2009-Ohio-3576, ¶5.

**{¶9}** Inasmuch as CSPA claims must be brought in "[t]he courts of common pleas, and municipal or county court" this court lacks subject matter jurisdiction to hear such claims. Based upon the foregoing, defendant's motion for judgment on the pleadings is GRANTED, plaintiff's motion for summary judgment is DENIED, and plaintiff's complaint is DISMISSED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Jennifer A. Adair                          Todd Leiby
Assistant Attorney General                 2300 North Haven Blvd.
150 East Gay Street, 18th Floor            Cuyahoga Falls, Ohio 44223
Columbus, Ohio 43215-3130

RCV/dms
Filed September 6, 2011
To S.C. reporter October 13, 2011